UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

JOY ANN DUTKIEWICZ, fka JOY ANN
JAARSMA, fka JOY ANN VANDYKE,

Case No. DG 08-05019
Chapter 7
Hon. Scott W. Dales

Debtor.

_____/

## MEMORANDUM OF DECISION
## REGARDING TRUSTEE'S OBJECTION TO EXEMPTIONS

### I.   Introduction

Chapter 7 Trustee Jeff A. Moyer filed an objection (the "Objection") to the exemptions claimed by Joy Ann Dutkiewicz (the "Debtor") on her Schedule C.  The Debtor does not oppose the Objection on the merits, but instead filed a response (the "Response") challenging the Objection as untimely under Fed. R. Bankr. P. 4003(b) and Taylor v. Freeland and Kronz, 503 U.S. 638, 644 (1992).[1]

The Trustee defends the Objection as timely because he filed it on September 29, 2008, well within 30 days after he filed the Trustee's Report of First Meeting Held (the "Trustee's Report," Docket No. 14) on September 16, 2008 – the date the Trustee says the first meeting of creditors was concluded.  For her part, the Debtor says the meeting concluded on the day it occurred – July 15, 2008 -- because the Trustee did not properly adjourn it. The Objection and the Response squarely raise the issue of when the first meeting of creditors was concluded in this case, and I am

---

[1] The Objection and the Response appear on the court's docket as Doc. Nos. 17 and 25, respectively.

persuaded that the Debtor has the better argument. I find that the meeting concluded on July 15, 2008, and therefore will overrule the Objection as untimely.

The court has jurisdiction over the Debtor's case pursuant to 28 U.S.C. § 1334(a). The contested matter arising from the Trustee's Objection is a core proceeding, within the meaning of 28 U.S.C. § 157(b)(2)(B).

## II.   Analysis

The parties agree that the first meeting of creditors in the Debtor's case (the "First Meeting") occurred on July 15, 2008. The Debtor appeared as required and answered the Trustee's questions. After questioning, the Trustee made the following statement:

> That's all the questions I have for you at this time. To the extent my review of the information provided to me [or upon receipt of the Divorce Judgment] causes me to need any further information or need to ask any further questions I'll contact Mr. Andersen's office directly. Assuming that doesn't become necessary, I'll close your file at that time. You should receive notice of your Chapter 7 Discharge 3 to 4 months from today directly from the Bankruptcy Court. Thank you for coming in today and good luck to you.

See Trustee's Brief in Support of Objection to Exemptions at p. 3 (Doc. No. 26). Evidently, the Trustee intended to review the Debtor's divorce judgment to determine its effect on the Debtor's claimed exemptions under 11 U.S.C. § 522.

In spite of the Trustee's announcement that he might require additional information, the Debtor nevertheless contends that the First Meeting was "concluded" on July 15, 2008 because the Trustee did not announce a specific adjourned date in

accordance with Fed. R. Bankr. P. 2003(e). The Debtor also relies generally on procedures from "parliamentary law" to divine when the First Meeting was concluded.[2] The Trustee, in contrast, contends that the First Meeting did not conclude until he said so, by filing the Trustee's Report on September 16, 2008. If the Debtor's position prevails, the Objection is untimely; if the Trustee's argument succeeds, the Objection is timely. If the Objection is untimely, the merits become irrelevant under Freeland & Kronz, supra.

Courts have struggled to identify precisely when the first meeting of creditors, scheduled pursuant to 11 U.S.C. § 341(a), is actually "concluded" within the meaning of the Bankruptcy Rules.[3] The parties have identified In re Cherry, 341 B.R. 581 (Bankr. S.D. Tex. 2006), as an important case because it sets forth the competing approaches that judges have taken to resolve the problem. Indeed, last year within a week of each other, two judges of our own court reached different conclusions in unpublished opinions. Judge Stevenson, for example, found no reason to depart from what she regarded as the custom of our District as reflected in the Trustee's position. See In re Luders-Leach, Slip Op., Case No. 07-02957 (Bankr. W.D. Mich. Sept. 25, 2007). Judge Hughes, however, adopted a case-by-case approach in In re Snyder, Slip Op., Case No. 06-05774 (Bankr. W.D. Mich. Sept. 19, 2007), which asks whether the trustee expressed an intention to adjourn the hearing during the meeting or adjourned it in writing within a reasonable time thereafter.

---

[2] I find this reference unhelpful because the meeting of a legislative body is not sufficiently analogous to a first meeting of creditors.

[3] For convenience, I will refer to the Federal Rules of Bankruptcy Procedure as the "Rules" and to individual rules as "Rule ___."

Although it is tempting to impose one of the bright-line tests the parties advocate, I favor the case-by-case approach Judge Hughes espoused in <u>Snyder</u> as more faithful to the text and policy of Rule 2003(e).

First, I agree with the Trustee that, given the important role that the "conclusion" of the meeting plays in setting deadlines, including the deadline to challenge exemptions and perhaps the deadline under 11 U.S.C. § 521(a)(6), a bright-line is necessary. It is, therefore, reasonable to conclude that the adjournment of the first meeting of creditors must be effected by some objective notification to the debtor and creditors, so each knows where that bright line falls. Uncertainty regarding the conclusion of the 341(a) meeting adversely affects a debtor by leaving her in doubt about what property is earmarked for her fresh start, and also adversely affects creditors who need to know the last date on which they might challenge the debtor's proposed exemptions. Rule 4003(b)(1), with its strict 30 day deadline, is very unforgiving. <u>Freeland & Kronz</u>, <u>supra</u>.

Rule 2003(e), subtitled "Adjournment," is the best authority we have on the question, and it appears to require an objective notice by the trustee of the intent to adjourn. Moreover, the Rule contemplates both oral and written adjournment notices by providing in relevant part as follows: "[t]he meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." <u>See</u> Fed. R. Bankr. P. 2003(e). I do not read the Rule as saying the only way to adjourn the first meeting is to orally announce a specific date and time in the presence of the debtor and creditors. Rather, Rule 2003(e) assumes that a trustee will give written notice every time a case is adjourned, but excuses *written* notice when the

4

trustee gives specific *oral* notice to everyone present in the room. Thus, by authorizing specified oral adjournment notices as an alternative to written notices, Rule 2003(e) impliedly authorizes written notices, too. It is difficult, however, to read Rule 2003's adjournment section as dispensing with adjournment notices altogether.

Second, the approach that the Trustee took in this case is inconsistent with the United States Trustee's operational policy on rescheduling and first meeting continuances, as expressed in the Handbook for Chapter 7 Trustees (the "Handbook"). The Handbook says:

> The trustee should not routinely continue 341(a) meetings when the debtor appears. If the trustee must continue the meeting, however, the trustee must, if at all possible, announce the continued date to all parties present at the initial meeting, and advise the United States Trustee and, if necessary, the clerk of the bankruptcy court of the continued date.

Handbook for Chapter 7 Trustees, p. 7-7 (July 1, 2002, as amended) (available at http://www.usdoj.gov/ust/eo/private_trustee/library/chapter07/).[4]

Clearly, the Trustee's utterance at the conclusion of the Debtor's First Meeting falls short of the requirements for specific oral adjournment that Rule 2003(e) sets forth, or for that matter, the precatory language in the Handbook.

Instead, the Trustee's statement suggests only that he may need to ask additional questions, questions he might ask at a continued First Meeting, or perhaps at an examination under Rule 2004, or even informally through counsel. The Trustee did

---

[4] I acknowledge that the Handbook is not a substitute for legal research, but it is a useful statement of what the Trustee's primary regulator expects in this context.

5

not even say that he was keeping the meeting open, or considering adjourning, or that he would call the meeting back to order. He said he would "close [the] file" after he completed his investigation. In sum, although the Trustee clearly suggested that his investigation was not complete,[5] his statement, quoted above, does not qualify as an unequivocal and specific oral announcement by the Trustee to adjourn the First Meeting.

I understand that this analysis seems to parse the Trustee's words, but I believe Rule 2003(e) compels me to scrutinize his words closely because it requires specificity as to date and time if the Trustee intends to rely on oral notice of adjournment. Merely expressing the need for further questioning or investigation does not, *ipso facto*, continue the 341(a) meeting, at least not without later giving reasonably prompt written notice of adjournment.[6]

The next question, therefore, is whether the Trustee gave any written notice of the adjourned date within a reasonable time after the face-to-face meeting on July 15, 2008. There is no support in the record that he did.

So, the question becomes whether the First Meeting remained open without an oral or written adjournment from July 15, 2008 (when the meeting actually took place) until at least August 29, 2008 (the date that would make the Trustee's Objection

---

[5] The Trustee noted the possibility that he might have additional questions about a divorce judgment after he received a copy of the document, and if he did, he would call Debtor's counsel directly.

[6] Rule 2003 does not set a deadline for giving written notice. In the absence of a deadline, I would require the Trustee or other official presiding at the first meeting to give written notice of the adjournment within a reasonable time, as Judge Hughes stated in Snyder. Cf. Fed. R. Bankr. P. 9007 (authorizing the court to control notice if the rules are otherwise silent).

6

unquestionably timely).   More to the point, the question is whether the Trustee filed his Objection within 30 days after the First Meeting "concluded."

The only date the Trustee proposed as the date the First Meeting concluded is September 16, 2008 – the date the Trustee filed the Trustee's Report on the court's docket.[7] By analogy from the rules governing entry of judgments, the Trustee argues that I should adopt the entry of the Trustee's Report as the date the First Meeting closed. Like Judge Hughes, however, I reject the analogy.

As Judge Hughes observed or implied in <u>Snyder</u>, by requiring prompt entry of judgments on the court's records, Rule 9021 gives the clerk no discretion. The Trustee's solution certainly provides a practical bright line in the same way that Rule 9021 does, but his argument breaks down because he reserves for himself virtually unfettered discretion in deciding when the First Meeting concludes. With so much riding on that determination, including what potentially exempt property will be available for distribution to creditors or perhaps to the Debtor,[8] I am unwilling to recognize such discretion in the Trustee. The Trustee's position arrogates to himself the power to control the 30 day "statute of limitations" that Rule 4003(b) prescribes, even though the Trustee represents an entity – the bankruptcy estate – with an interest in the outcome. Because the clerk has no such stake in entering judgments on the court's docket, the

---

[7] The Trustee's principal reason for reserving the right to ask additional questions, and presumably the reason for trying to keep the First Meeting open, was to review the Debtor's divorce judgment, yet the record does not reveal the date that the Debtor supplied it.  If the Trustee had received the document within days after the July 15, 2008 First Meeting, he would have a tough time justifying a two month delay in filing the Objection.  On the other hand, if the Debtor had stalled in providing the document, the Trustee might have been justified in sending a written notice of adjournment considerably after the July 15, 2008 First Meeting. These facts would be relevant to a case-by-case analysis advocated in <u>Cherry</u> and <u>Snyder</u>. Unfortunately, the record provides no such information, and in any event, it is clear that the Trustee gave neither appropriate oral notice of adjournment nor any written notice.

[8] After the expiration of the time to object to exemptions, the property claimed as exempt on Schedule C "is exempt." <u>See</u> 11 U.S.C. § 522(l) <u>and</u> Rule 4003(b)(1).

Trustee's analogy to Rule 9021 does not persuade me to adopt his bright line, practical as that approach might be. Contra In re Luders-Leach, Slip Op., Case No. 07-02957 (Bankr. W.D. Mich. Sept. 25, 2007).

As in Snyder,[9] the Trustee did not give objective notice that he adjourned the meeting of creditors, so the First Meeting concluded on July 15, 2008. The Objection, filed more than two months after the First Meeting was concluded, is untimely.

## III. **Conclusion**

As Judge Hughes found in Snyder, without a qualifying oral or reasonably prompt written notice of adjournment, the First Meeting concluded when the parties pushed away from the table on July 15, 2008. I will overrule the Objection as untimely, without reaching the merits.

I will prepare, and the clerk will promptly enter, a separate order pursuant to Rule 9021.

Date: December 30, 2008

Scott W. Dales
United States Bankruptcy Judge

---

[9] In Snyder, Judge Hughes found that the Trustee permitted the first meeting to finish without either announcing he intended to continue it, and without providing later written notice that he intended to do so. Instead, the Trustee in Snyder simply declared "he was finished questioning the Debtor at that time." Although the Trustee in the present case added additional explanation as to why he might not be finished interrogating the Debtor, his statement on July 15, 2008 does not differ in material respects from his statement at the conclusion of the first meeting in Snyder.